UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JARVIS POOL, | ) Case No. 1:16CV2908 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD NUGENT |
| | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| ASHLEY BURGER, et al., | ) |
| Defendants. | ) REPORT AND RECOMMENDATION |

Plaintiff Jarvis Pool filed a civil complaint in this court on December 2, 2016, alleging claims under 42 U.S.C. §§ 1983 and 1985 against defendants Ashley Burger, Ryan Tepus, Bennie Kelly, Lashann Pepper, and Gary Mohr.  (R. 1.) According to Pool's complaint, his claims arise from alleged incidents that occurred while he was at Grafton Correctional Institution (Grafton), a minimum security facility, in June and July 2014.  (R. 1, ¶ 8.)  Pool has since been transferred to the Southern Ohio (Lucasville) Correctional Institution, a maximum security facility (R. 1, ¶ 8), and he is currently incarcerated at the Madison Correctional Institution.  (R. 1, ¶ 7.)

The defendants are affiliated with the Ohio Department of Rehabilitation and Correction.  Defendant Mohr is director of the Ohio Department of Rehabilitation and Correction.  (R. 1, ¶¶ 9-11.)  Defendant Kelly is warden of the Grafton Correctional Institution.  (R. 1, ¶¶ 12-15.)  Defendant Pepper was the warden of the Grafton Correctional Institution at the time of the events underlying

the complaint. (R. 1, ¶¶ 16-19.) Defendants Burger and Tepus are corrections officers at Grafton. (R. 1, ¶¶ 20-22.)

The first claim of the complaint alleges that defendant Burger libeled and slandered Pool on June 30, 2014, and thereafter, by stating that Pool "physically assaulted her by blocking her from attempting to retrieve three balloons from the toilet that she claimed to contain illegal drugs (marijuana)." (R. 1, ¶ 31.) The second claim of the complaint alleges that on June 30, 2014, defendant Burger harassed Pool while he was in a state of undress, and invaded his reasonable expectation of privacy while using a bathroom. (R. 1, ¶¶ 37-38.)

According to the complaint, Burger filed a conduct report against Pool, following the June 30, 2014, incident. The third claim of the complaint alleges the report led Grafton's Rules Infraction Board (RIB) to conduct a hearing, during which Pool alleges he was denied his right to testify or to call or interview witnesses to the incident. (R. 1, ¶¶ 45-47.) Pool also alleges that after the RIB hearing he received a Security Classification Review Hearing, which resulted in his reclassification and transfer to a maximum security institution. (R. 1, ¶ 48.) Pool alleges that defendants Burger, Kelly, Pepper, and Mohr "failed to extend to [him] his constitutional right to due process as it pertains to the proper investigation, hearing and adjudication of his rights as a prisoner." (R. 1, ¶ 49; *see also* ¶¶ 50-52.)

The fourth and final claim in the complaint is that Pool was improperly charged with several RIB violations, and that defendants Kelly, Pepper, and Mohr

did not conduct a thorough investigation into the underlying incident, in violation of Pool's due process rights. (R. 1, ¶¶ 57-62.)

According to the court's docket, Pool caused the complaint to be served on defendants on May 24, 2017. (R. 7.) Now pending with the court are:

(1) defendants' motion to dismiss the complaint (R. 10);

(2) Pool's motion for default judgment (R. 12), defendants' opposition to the motion (R. 14), and Pool's reply (R. 18);

(3) defendants' motion for extension of time (R. 13), and Pool's opposition to the motion (R. 17); and

(4) Pool's motion to strike the motion to dismiss (R. 15), and defendants' opposition to the motion (R. 16).

For the following reasons, defendants' motion to dismiss (R. 10) should be GRANTED, as Pool's complaint was filed outside the statute of limitations; Pool's motion to strike (R. 15) should be DENIED; Pool's motion for default judgment (R. 12) should be DENIED, as the defendants filed a timely motion to dismiss (tolling their time to answer); and, defendants' motion for extension of time (R. 13) should be DENIED as moot.

I. MOTION TO STRIKE

The defendants have filed a motion to dismiss pursuant to Civil Rule 12(b)(6) for failure to state a claim on which relief can be granted. (R. 10.) Pool has not filed an opposition to the motion to dismiss, but has filed a "Motion to Strike" the motion to dismiss "for failure to timely serve plaintiff a copy of said filing." (R. 15.) The defendants have filed a response in opposition to the motion to strike. (R. 16.)

3

Pool's motion to strike is based on his contention that the defendants' motion to dismiss was not served on him in a timely manner. (R. 15, PageID #: 192.) As an initial matter, a "motion to strike" applies only to "pleadings." Fed. R. Civ. P. 12(f); *see also* Fed. R. Civ. P. 7(a) (pleadings). *See, e.g., Waltner v. United States*, 98 Fed.Cl. 737, 766 (Fed. Cl. 2011), *aff'd*, 679 F.3d 1329 (Fed. Cir. 2011) (other documents may not be attacked by motion to strike) (citing cases); *Fox v. Michigan State Police Dept.*, No. 04–2078, 2006 WL 456008, at *2 (6th Cir. Feb. 24, 2006) (motion to strike does not apply to exhibits attached to dispositive motion); *Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 868 (1st Cir. 1997) (motion to strike does not apply to briefings on dispositive motions); *Johnson v. Manitowoc Boom Trucks, Inc.*, 406 F.Supp.2d 852, 864 n.10 (M.D. Tenn. 2005), *aff'd*, 484 F.3d 426 (6th Cir. 2007); *VanDanacker v. Main Motor Sales Co.*, 109 F.Supp.2d 1045, 1047 (D. Minn. 2000). But even where such a motion is proper under the Civil Rules, "courts view motions to strike with disfavor and rarely grant them." *Waltner*, 98 Fed.Cl. at 766; *see also BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) ("extreme and disfavored measure"); *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985) (disfavored) (citing cases). The defendants' motion is not a "pleading" which can be subject to a motion to strike. *See* Fed. R. Civ. P. 7(a) (pleadings).

In addition, the defendants timely filed their motion to dismiss with the court on June 14, 2017. (R. 10.) They, however, indicate that their initial service to Pool by mail, which was postmarked June 15, 2017, was returned as "refused, unable to forward." (R. 16, PageID #: 207.) The defendants re-mailed the motion, and Pool

4

concedes that he received the motion on July 17, 2017. (R. 16, PageID #: 205; R. 15, PageID #: 192.) Pool thereafter moved the court to strike the motion on July 31, 2017, but has not otherwise filed an opposition.

Based on these facts, the court does not perceive any grounds to sanction defendants by striking their filing. The motion to strike (R. 15) should be denied.

## II. MOTION TO DISMISS

On June 14, 2017, the defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted. (R. 10.) In *Ashcroft v. Iqbal*, the Supreme Court summarized its new "plausibility" standard for dismissal as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007)). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

A motion to dismiss for failure to state a claim upon which relief can be granted is procedural, and tests the sufficiency of the complaint. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). The court must construe the complaint in the light

5

most favorable to the plaintiff, and, for the purposes of this motion, accept all factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Central States Pension Fund v. Mahoning Nat'l Bank*, 112 F.3d 252, 255 (6th Cir. 1997). The court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The defendants' motion to dismiss asserts that Pool's action is barred by the statute of limitations. (R. 10, PageID #: 88-89.) The incident in Pool's cell took place on June 30, 2014. (R. 1, ¶¶ 23-31.) Pool's complaint alleges that the RIB hearing took place on July 1, 2014. (R. 1, ¶¶ 45-48.) The Security Classification Review Hearing was held that same day. (R. 12, ¶¶ 6, 8.) The RIB disposition was dated July 17, 2014. (R. 1,¶ 59.) The latest date of a relevant event, as given in the complaint, is July 17, 2014.

The Civil Rights Act itself contains no statute of limitations for actions arising under 42 U.S.C. §§ 1983 and 1985. *Crawford v. Zeitler*, 326 F.2d 119, 121 (6th Cir. 1964). That being so, the Sixth Circuit has instructed district courts to look to the most analogous statute of limitations of the state where the cause of action arose. *Id.* The Sixth Circuit has held that the appropriate statute of limitations for Section 1983 actions[1] arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that the action be filed within two years after its accrual. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc) (construing

---

[1] A claim arising under Section 1985(3) is subject to the same limitation period as that applied to Section 1983 actions. *Bougher v. University of Pittsburgh*,

6

*Owens v. Okure*, 488 U.S. 235 (1989)). *See also Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996), *cert. denied*, 520 U.S. 1267 (1997); *Bell v. Young*, No. 1:16CV1135, 2016 WL 4987332, at *2 (N.D. Ohio Sept. 19, 2016) (citing *LRL Properties v. Portage Metro Housing Auth.*, 55 F. 3d 1097 (6th Cir. 1995)).

The allegations underlying Pool's cause of action arose from events occurring no later than July 17, 2014. Therefore the statute of limitations for Pool to file his lawsuit expired on July 18, 2016. Pool filed his complaint in this court on December 2, 2016. Thus, his complaint was filed outside the statute of limitations, and the motion to dismiss (R. 10) should be granted.

### III. MOTION FOR DEFAULT JUDGMENT

Plaintiff Pool has also filed a "Motion for Default Judgment and/or Partial Summary Judgment." (R. 12.) The defendants have filed a brief in opposition to the motion for default judgment (R. 14), and Pool has filed a reply brief (R. 18). The defendants have also filed a "Rule 56(d) Motion for Extension of Time to Respond" to the motion for partial summary judgment. (R. 13.) Pool has filed an opposition to the motion for extension of time. (R. 17.)

Pool's motion for default judgment is based on the contention that the defendants had not filed a timely response to his complaint. (R. 12, PageID #: 97.) His motion for "partial summary judgment" seeks to have the court order the defendants to reconvene the RIB hearing. (R. 12, PageID #: 101.) Pool's motion was

---

882 F.2d 74, 79 (3d Cir. 1989); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir.

dated July 7, 2017, and filed in this court on July 17, 2017. (R. 12, PageID #: 102, 96.) Meanwhile, the defendants had filed their timely motion to dismiss (R. 10) on June 14, 2017, which tolled the time for them to file their answer. Fed. R. Civ. P. 12(a)(4). As stated above, Pool was presumably unaware that the defendants' motion to dismiss had been timely filed, because mail service of the motion was "returned to sender." Nevertheless, the defendants' Rule 12 motion to dismiss was timely filed with the court and defendants' counsel subsequently re-served it on plaintiff. The motion for default judgment (R. 12) should be denied because defendants timely responded to Pool's complaint. The relief sought in Pool's motion for partial summary judgment (reconvening the RIB hearing) is moot in light of the recommended dismissal. The defendants' Motion for extension of time to respond (R. 13) should be denied as moot.

---

1968); *Lara v. City of Chicago*, 968 F.Supp. 1278, 1284 (N.D. Ill. 1997).

IV. CONCLUSION

Defendants' motion to dismiss (R. 10) should be GRANTED, as Pool's complaint was filed outside the statute of limitations. Plaintiff's motion to strike (R. 15) should be DENIED. Plaintiff's motion for default judgment (R. 12) should be DENIED, as the defendants filed a timely motion to dismiss (tolling their time to answer). Defendants' motion for extension of time (R. 13) should be DENIED as moot.

s/ David A. Ruiz
David A. Ruiz
United States Magistrate Judge

Date: September 5, 2017

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).